# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MATTHEW ATILES, CARMEN RODRIGUEZ RODRIGUEZ, VICTOR ESPINOZA RODRIGUEZ, VICTOR ANTONIO RODRIGUEZ, GENESIS AGUIRRE, and LAURA OLVERA SOLIS, <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTA CLEAN TECH SERVICES, INC., <br><br> Defendant, | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Matthew Atiles, Carmen Rodriguez Rodriguez, Victor Espinoza Rodriguez, Victor Antonio Rodriguez, Genesis Aguirre, and Laura Olvera Solis ("Plaintiffs") file this Complaint against Atlanta Clean Tech Services, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and breach of contract to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.  Plaintiffs allege as follows:

## PARTIES

1. Plaintiffs are residents of Georgia in this judicial district and division.

2. Atlanta Clean Tech Services, Inc. ("Atlanta Clean") is a corporation with its principal place of business in Kennesaw, Georgia in this judicial district and division.

3. Atlanta Clean's registered agent is Cody Shiver, 1739 Oakbrook Ln., Kennesaw, Georgia 30152 in Cobb County.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367.

5. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  Atlanta Clean transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## COVERAGE UNDER THE FLSA

6. At all times throughout the relevant period, Plaintiffs were "employees" of Atlanta Clean and covered under the FLSA.

7. At all times that Plaintiffs worked for Atlanta Clean during the relevant period, Atlanta Clean was the "employer" of Plaintiffs.

8. At all times during the relevant period, Atlanta Clean had multiple employees, including Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

9. At all times throughout the relevant period, Atlanta Clean was an enterprise with annual gross volume of sales made or business done of not less than $500,000.

10. The relevant period for this action is three years prior to the filing of this Complaint.

## FACTS

11. Atlanta Clean is a cleaning services company located in Kennesaw, Georgia, 30160.

12. Plaintiffs are non-exempt hourly employees of Atlanta Clean who were house cleaners ("House Cleaners") and who operated pressure washers outside of the houses ("Pressure Washers").

13. Atlanta Clean promised all Plaintiffs a regular hourly rate of pay.

14. All Plaintiffs worked in excess of 40 hours in a workweek.

15. Plaintiff Carmen Rodriguez Rodriguez was a Pressure Washer and House Cleaner. Atlanta Clean promised her an hourly wage of $10 per hour in the relevant period.

16. Plaintiff Victor Espinoza Rodriguez was a Pressure Washer. Atlanta Clean promised him an hourly wage of $10 per hour in the relevant period.

17. Plaintiff Victor Antonio Espinoza was a Pressure Washer. Atlanta Clean promised him an hourly wage of $10 per hour in the relevant period.

18. Plaintiff Genesis Aguirre was a House Cleaner. Atlanta Clean promised her an hourly wage of $10 per hour in the relevant period.

19. Plaintiff Matthew Atiles was a House Cleaner. Atlanta Clean promised him an hourly wage of $10 per hour in the relevant period.

20. Plaintiff Laura Olvera Solis was a House Cleaner. Atlanta Clean promised her an hourly wage of $11 per hour in the relevant period.

21. Atlanta Clean willfully refused to pay each of the Plaintiffs all of their wages and overtime compensation as required by federal law.

22. The work performed by Plaintiffs was an integral part of Atlanta Clean's business.

23. Plaintiffs did not use managerial skills that affected their opportunity for profit and loss.

24. Plaintiffs invested little in facilities and equipment and Atlanta Clean provided the cleaning supplies and other equipment needed to perform Plaintiffs' job duties.

25. Plaintiffs' job duties required little skill and initiative.

26. Plaintiffs had permanent duties with Atlanta Clean.

27. Atlanta Clean controlled the location, method, and time of work performed by Plaintiffs.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – FAILURE TO PAY OVERTIME COMPENSATION
### (All Plaintiffs)

28. All Plaintiffs repeat and reallege each paragraph above as though it were fully set forth at length herein.

29. At all relevant times, Atlanta Clean was an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30. At all relevant times, Atlanta Clean employed Plaintiffs within the meaning of the FLSA.

31. At all relevant times, Atlanta Clean had a uniform policy and practice of willfully refusing to pay Plaintiffs overtime compensation for all hours worked in excess of 40 hours per workweek.

32. Atlanta Clean failed to pay all Plaintiffs overtime compensation for hours worked in excess of 40 hours per workweek.

33. As a result of Atlanta Clean's willful failure to compensate Plaintiffs the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek, Atlanta Clean violated the FLSA. 29 U.S.C. §§ 207(a)(1) and 215(a).

34. Atlanta Clean's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. Due to Atlanta Clean's FLSA violations, Plaintiffs are entitled to recover from Atlanta Clean compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, and costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**FAIR LABOR STANDARDS ACT VIOLATIONS - FAILURE TO PAY AND TIMELY PAY WAGES FOR ALL HOURS WORKED**
**(Plaintiffs Genesis Aguirre and Laura Olvera Solis)**

36. Plaintiffs Genesis Aguirre and Laura Olvera Solis repeat and reallege each paragraph above as though it were fully set forth at length herein.

37. At all relevant times, Atlanta Clean was Plaintiffs Genesis Aguirre's and Laura Olvera Solis' employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Atlanta Clean employed Plaintiffs Genesis Aguirre and Laura Olvera Solis within the meaning of the FLSA.

39. It was Atlanta Clean's common practice to not pay, and not timely pay, employees for all hours worked.

40. Atlanta Clean's common practice was to refuse employees their wages for the last pay period that they worked.

41. Atlanta Clean refused to pay Plaintiff Genesis Aguirre for the hours that she worked during her last pay period.

42. Atlanta Clean refused to pay Plaintiff Laura Olvera Solis for the hours that she worked during her last pay period.

43. Plaintiffs Genesis Aguirre and Laura Olvera Solis were damaged by Atlanta Clean's refusal to pay and timely pay them for their hours worked.

44. As a result of Atlanta Clean's willful failure to timely pay Plaintiffs Genesis Aguirre and Laura Olvera Solis the applicable wage for all hours worked, Atlanta Clean is liable for liquidated damages for all unpaid wages.

45. Atlanta Clean's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Due to Atlanta Clean's FLSA violations, Plaintiffs Genesis Aguirre and Laura Olvera Solis were damaged and are entitled to recover actual and liquidated damages for Atlanta Clean's refusal to pay all wages earned, an additional equal amount as liquidated damages, and reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## BREACH OF CONTRACT – FAILURE TO PAY AND TIMELY PAY PROMISED WAGES FOR ALL HOURS WORKED
**(Plaintiffs Genesis Aguirre and Laura Olvera Solis)**

47. Plaintiffs Genesis Aguirre and Laura Olvera Solis repeat and reallege each paragraph above as though it were fully set forth at length herein.

48. Atlanta Clean promised to pay Plaintiff Genesis Aguirre $10 per hour for each hour worked, and Laura Olvera Solis $11 per hour for each hour worked.

49. Plaintiffs Genesis Aguirre and Laura Olvera Solis relied on that promise when performing work for Atlanta Clean.

50. Atlanta Clean refused to pay Plaintiffs Genesis Aguirre and Laura Olvera Solis the promised wage for all hours worked, including the hours worked during their last pay period.

51. Plaintiffs Genesis Aguirre and Laura Olvera Solis were damaged by Atlanta Clean's refusal to pay and timely pay for all hours worked.

**WHEREFORE**, Plaintiffs demand a trial by jury and request that this Court grant the following relief against Atlanta Clean:

A. An award of compensation for all unpaid wages and unpaid overtime wages to Plaintiffs;

B. An award of liquidated damages to Plaintiffs;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs; and

D. Such other and further relief as this Court deems just and proper.

This 24th day of March, 2017.

**HALL & LAMPROS, LLP**

/s/ Christopher B. Hall
Christopher B. Hall
Ga Bar No. 318380
Gordon Van Remmen
Ga Bar No. 215512
HALL & LAMPROS, LLP
1230 Peachtree St. N.E.
Suite 950
Atlanta, GA 30309
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

                                          ATTORNEYS FOR THE PLAINTIFF

Plaintiffs' counsel certifies that this complaint is in 14 point Times New Roman font.