# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Atlanta Clean Tech Services, Inc. ("Defendant"), on the one hand, and Victor Espinoza Rodriguez, Carmen Rodriguez Rodriguez, Genesis Aguirre, Matt Atiles, Victor Antonio Espinoza, Laura Olvera Solis, and Lucia Avalos ("Claimants") on the other. Defendant and Claimants are collectively the "Parties."

1. <u>Purpose</u>. All Claimants, except for Lucia Avalos, filed a lawsuit against Defendant on March 27, 2017 titled *Atiles v. Atlanta Clean Tech Services, Inc.*, No. 1:17-cv-01075, USDC Northern District of Georgia (the "Lawsuit") asserting certain wage and hour claims. While the parties negotiated the Lawsuit claims, another claimant, Lucia Avalos, sought to make a claim. Although Avalos did not file suit, Avalos has participated in negotiations and agreed to compromise her claims herein, with the other Claimants who filed the lawsuit. Without admitting any wrongdoing, Defendant desires to resolve all claims, complaints and causes of action between itself and Claimants that they now or in the future may allege to have against Defendant. Claimants similarly wish to resolve all claims, complaints and causes of action they now or in the future allege or may have against Defendant. The Parties enter into this Agreement voluntarily, advised by counsel of their choosing, and in consideration of the mutual covenants and good and valuable consideration contained herein, the receipt and sufficiency of which are hereby acknowledged.

2. <u>Contingencies</u>. The Parties' covenants, obligations, and commitments under this Agreement are contingent on the Court's approval of the release of the wage and hour claims hereunder. The Parties agree to take all action necessary to secure such approval, including the filing of a Joint Motion For Settlement Approval within **three (3) days** from the execution of this Agreement, and appear at any Court mandated or related hearings or conferences. Should the Court deny such approval, the Parties shall work in good faith to attempt to resolve any issues or impediments noted by the Court. If the Parties are unable to resolve any such issues, this Agreement shall be deemed null and void. Notwithstanding the foregoing, the Parties may negotiate a new settlement agreement.

3. <u>Consideration</u>. In consideration of the releases and other covenants contained in this Agreement, the Defendant agrees to pay Claimants and their counsel $42,000.00, allocated as follows:

| | |
|---|---|
| Victor Espinoza Rodriguez | $4,117.43 |
| Carmen Rodriguez Rodriguez | $3,768.96 |

| | |
|---|---|
| Genesis Aguirre | $2,982.68 |
| Matt Atiles | $923.54 |
| Victor Antonio Espinoza | $3,411.95 |
| Laura Olvera Solis | $12,415.67 |
| Lucia Avalos | $4,379.78 |
| Hall & Lampros, LLP | $10,000.00 |
| **TOTAL** | **$42,000.00** |

These payments shall be broken into two installments.  The first payment of $21,000.00 will be made 10 days after Court approval.  Second payment of $21,000.00 will be made 40 days after Court approval.

4.    <u>Dismissal</u>.  Within three (3) days from the Defendant's payment of the first instalment due pursuant to the previous section, the Parties shall file with the Court a Stipulation of Dismissal with prejudice, with each party bearing its own costs and fees.

5.    <u>Wage Payment Acknowledgement</u>.    Claimants specifically represent, warrant and confirm that they have been properly paid for all hours worked for the Defendant, including for overtime, meal periods, and rest periods, to which Claimants may have been entitled under any federal, state or local law, including the Fair Labor Standards Act, under contract, or in equity.

6.    <u>General Release by Claimants</u>. Claimants and Claimants' heirs, executors, administrators, and assigns forever waive, release, and discharge the Defendant, all of its agents, representatives, present and former employees, officers, directors, owners, shareholders and agents (the "Releasees") from any and all claims, demands, causes of actions, fees, damages, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, that Claimants has ever had against the Releasees by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter up to and including the date of Claimants' execution of this Agreement, including, but not limited to:

(a)    any claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the

Family and Medical Leave Act (with respect to existing but not prospective claims), the Equal Pay Act, the Claimants Retirement Income Security Act (with respect to unvested benefits), the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866, the Fair Credit Reporting Act, the Claimants Adjustment and Retraining Notification Act, the Genetic Information Non-Discrimination Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Uniform Services Employment and Reemployment Rights Act, the Georgia Equal Pay Act, the Georgia Prohibition of Age Discrimination in Employment Act, the Georgia Equal Employment for Persons with Disabilities Code, any local laws, codes or ordinances, amendments or regulations promulgated pursuant to any of the foregoing and/or any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released, all as amended; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

(b)   any claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation, sick pay, or severance;

(c)   any claims arising under tort, contract, or quasi-contract law, including but not limited to claims of breach of an express or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness, or any other harm, wrongful or retaliatory discharge, fraud, defamation, false imprisonment, and negligent or intentional infliction of emotional distress; and

(d)   any and all claims for monetary or equitable relief, including, but not limited to, attorneys' fees and costs, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties.

Importantly, Claimants do not waive, release, or discharge: (i) any right to file an administrative charge or complaint with the Equal Employment Opportunity Commission or other administrative agency, although the Claimants waives any right to monetary relief related to any such a charge or administrative complaint except as to Securities and Exchange Commission whistleblower claims; and (ii) claims which cannot be waived by law, such as claims for unemployment benefit

3

rights and workers' compensation; and (iii) any rights to vested benefits, such as pension or retirement benefits.

7.      No other claims.  Claimants represent and warrant that Claimants have: (a) filed no claims, lawsuits, charges, grievances, or causes of action of any kind against the Releasees outside of the Lawsuit; and (b) have not transferred or assigned to any person or entity not a party to this Agreement any claim or right released hereunder, and Claimants agree to indemnify the Defendant and hold it harmless against any claim (including claims for attorneys' fees or costs actually incurred, regard-less of whether litigation has commenced) based on or arising out of any such assignment or transfer; and (c) Claimants did not suffer any work-related injury or illness within the twelve (12) months preceding Claimants' execution of this Agreement, and Claimants are not currently aware of any facts or circumstances that would give rise to a worker's compensation claim against the Defendant and/or the Defendant.

8.      No Admission of Liability. Nothing herein shall be construed to be an admission by Defendant of any wrongdoing or noncompliance with any federal, state, city, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or of any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever.  The Defendant specifically disclaims and denies any wrongdoing or liability to Claimants.

9.      Non-Disparagement. The Parties agree and covenant that neither shall make, publish, or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning the other. This Section does not, in any way, restrict or impede Claimants from exercising protected rights, including rights under the National Labor Relations Act, to the extent that such rights cannot be waived by agreement or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation, or order.

10.     Construction.  This Agreement was jointly drafted by the Parties with the assistance of counsel.  In the event that an ambiguity or question of intent or interpretation arises, no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

11.     Governing Law. This Agreement, for all purposes, shall be construed in accordance with the laws of Georgia without regard to conflict-of-law principles.

12.     Entire Agreement. This Agreement contains all of the understandings and representations between Defendant and Claimants relating to the subject matter

4

herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

13.    Modification and Waiver. No provision of this Agreement may be amended or modified unless agreed to in writing and signed by the Parties. No waiver by either of the Parties of any breach by the other of any condition or provision of this Agreement shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by either of the Parties in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

14.    Severability. The provisions of this Agreement shall be severable.  If any provision is found to be unenforceable, in whole or in part, the remainder shall be enforceable and binding.  A court of appropriate jurisdiction may modify or reform the provision or restriction in question to the extent necessary to make it reasonable and enforceable to the maximum extent permitted by law.

15.    Counterparts. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties execute this Agreement

CLAIMANTS

Atlanta Clean Services, Inc.

_____     06-23-17
Victor Espinoza Rodriguez          Date        By: _Cody Shiver_____

Date: _6-29-18_____

_____     06/23/17
Carmen Rodriguez Rodriguez   Date

_____     _____
Genesis Aguirre                    Date

_____     _____
Matt Atiles                        Date

_____     06-23-2017
Victor Antonio Espinoza            Date

5

herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

13.    Modification and Waiver. No provision of this Agreement may be amended or modified unless agreed to in writing and signed by the Parties. No waiver by either of the Parties of any breach by the other of any condition or provision of this Agreement shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by either of the Parties in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

14.    Severability. The provisions of this Agreement shall be severable.  If any provision is found to be unenforceable, in whole or in part, the remainder shall be enforceable and binding.  A court of appropriate jurisdiction may modify or reform the provision or restriction in question to the extent necessary to make it reasonable and enforceable to the maximum extent permitted by law.

15.    Counterparts. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument.

        IN WITNESS WHEREOF, the Parties execute this Agreement

CLAIMANTS                                    Atlanta Clean Services, Inc.


_____  _____        By: _Cody Snivel_____
Victor Espinoza Rodriguez    Date

                                             Date: __6-29-17_____


_____  _____
Carmen Rodriguez Rodriguez  Date



_____  _____
Genesis Aguirre              Date


_____  _6-25-17_
Matt Atiles                  Date


_____  _____
Victor Antonio Espinoza      Date

5

herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

13.   <u>Modification and Waiver.</u> No provision of this Agreement may be amended or modified unless agreed to in writing and signed by the Parties. No waiver by either of the Parties of any breach by the other of any condition or provision of this Agreement shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by either of the Parties in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

14.   <u>Severability</u>. The provisions of this Agreement shall be severable.  If any provision is found to be unenforceable, in whole or in part, the remainder shall be enforceable and binding.  A court of appropriate jurisdiction may modify or reform the provision or restriction in question to the extent necessary to make it reasonable and enforceable to the maximum extent permitted by law.

15.   <u>Counterparts</u>. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties execute this Agreement

CLAIMANTS                              Atlanta Clean Services, Inc.

_____   _____     By: _____
Victor Espinoza Rodriguez   Date          Cody Shivel

                                                Date: _____
                                                          6-29-17

_____   _____
Carmen Rodriguez-Rodriguez  Date

_____   _____     June 25, 2017
Genesis Aguirre                 Date

_____   _____
Matt Atiles                      Date

_____   _____
Victor Antonio Espinoza      Date

5

_____     06-23- 2017 .
Laura Olvera Solis                  Date

_____     _____
Lucia Avalos                        Date


HALL & LAMBROS, LLP

_____
By: Christopher B. Hall

Date: 6/28/17 _____

6

_____          _____
Laura Olvera Solis                 Date

_Lucia Avalos_ 6/26/17
_____          _____
Lucia Avalos                       Date


HALL & LAMPROS, LLP

_____
By: Christopher B. Hall

Date:    _____

6